UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ADRIANA GARCIA,

                           Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION
and RACHELLE KLAINBERG, jointly and severally,

                           Defendants.

------------------------------------------------------------------------ x

**ANSWER**

17-CV-00100 (DAB) (BM)

        The defendants, BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, sued herein and doing business as NEW YORK CITY DEPARTMENT OF EDUCATION ("BOE") and RACHELLE KLAINBERG (collectively "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that BOE provides education to New York City's student body without regard to race, disability, sex, national origin, or other protected characteristics, and respectfully refer the Court to New York Education Law § 2590-b for a full and complete statement of BOE's legal status.

        2. Deny the allegations set forth in paragraph "2" of the Complaint.

        3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff received an unsatisfactory Annual Professional Performance Review ("APPR") rating in June 2015.

        4. Deny the allegations set forth in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 30, 2015, and admit that EEOC's determination is dated May 10, 2016.

6. Deny the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its contents.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiff's charge with the EEOC is date-stamped June 30, 2015, and admit that the Notice of Right to Sue is dated September 30, 2016.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit that Plaintiff self-identifies as a Hispanic female, and admit that, based upon information and belief and the records maintained by BOE, Plaintiff is currently employed as a full-time Guidance Counselor for BOE.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff is employed by BOE as a Guidance Counselor.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, and respectfully refer the Court to New York Education Law § 2590-b for a complete and accurate statement of BOE's legal status.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that BOE is the largest school district in the U.S., and admit that BOE serves 1.1 million students in over 1,800 schools.

22. Deny the allegations set forth in paragraph "22" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

23. Admit the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, the defendant Rachelle Klainberg became the principal of P.S. M226 in or about September 2011, and aver that Ms. Klainberg was the principal of P.S. M226 until in or about September 2016.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff did not request an accommodation in December 2011, and Plaintiff received an "S" rating for the 2011/2012 school year.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that Plaintiff's sabbatical leave began in February 2013, and aver that Plaintiff's sabbatical leave continued through July 31, 2013.

32. Deny the allegations set forth in paragraph "32" of the Complaint, and aver that Plaintiff received a "C" APPR rating at the end of the 2012/2013 school year.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff extended her leave for an additional six months in the form of an unpaid leave of absence for restoration of health, and aver that Plaintiff's extended leave continued through January 31, 2014.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except admit that, on September 3, 2013, Plaintiff notified Ms. Klainberg that she would be seeking a leave extension.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that Plaintiff advised that she intended to return in February 2014.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff did not file an accommodation request for the 2013/2014 school year.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that Plaintiff received an "S" APPR rating at the end of the 2013/2014 school year.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that Plaintiff requested an accommodation during a meeting with Ms. Klainberg on September 3, 2014.

49. Deny the allegations set forth in paragraph "49" of the Complaint, and respectfully refer to the Court to BOE's Personnel Memorandum 4 for a complete and accurate statement of its contents.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff requested that she be reassigned from P.S. 380 to P.S. 208.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint, except admit that P.S. 380 and P.S. 208 are both a part of the P.S. 226 system.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint, and aver that Ms. Klainberg instructed Plaintiff to continue performing her current assigned job duties for the 2014/2015 school year while her request was considered.

56. Admit the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Ms. Klainberg denied Plaintiff's line of duty request.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint, except admit that Roslyn Hoff and UFT Representative Rose Marie Thompson held a disciplinary meeting with Plaintiff on December 1, 2014.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff took an unpaid leave of absence for restoration of health from March 2, 2015, through March 20, 2015, and deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's medical condition on March 2, 2015.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff emailed Ms. Klainberg and Roslyn Hoff on March 23, 2015.

79. Deny the allegations set forth in paragraph "79" of the Complaint, except admit that based upon information and belief and the records maintained by BOE, UFT filed an accommodation request on April 25, 2015.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint, except admit that Plaintiff received three letters dated May 8, 2015.

85. Deny the allegations set forth in paragraph "85" of the Complaint, except admit that Plaintiff received one letter dated May 11, 2015.

86. Deny the allegations set forth in paragraph "86" of the Complaint, and aver that, based upon information and belief and the records maintained by BOE, Plaintiff received a reissuance of the January 26, 2015, letter on May 11, 2015.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint, except admit that Ms. Klainberg emailed Plaintiff on May 20, 2015, to inform Plaintiff that her request for elevator use and limited escort service had been approved.

89. Deny the allegations set forth in paragraph "89" of the Complaint, except admit that Plaintiff filed a Step 1 grievance on June 2, 2015.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff received a letter for misconduct that occurred on June 4, 2015, which was a day of professional development.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint, except admit that Ms. Klainberg denied Plaintiff's grievances.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff received an Unsatisfactory year-end rating on June 23, 2015.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff had not previously received an Unsatisfactory APPR rating.

98. Deny the allegations set forth in paragraph "98" of the Complaint, except admit that Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on June 30, 2015, and respectfully refer the Court to that complaint for a complete and accurate recitation of its contents.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint, except admit that Plaintiff was assigned to a new school in Brooklyn.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint, except admit that, based upon information and belief and the records maintained by BOE, Plaintiff took a restoration of health leave from November 2015 to June 2016.

106. Deny the allegations set forth in paragraph "106" of the Complaint, and respectfully refer the Court to the EEOC Determination dated May 10, 2016, for a complete and accurate statement of its contents.

107. Deny the allegations set forth in paragraph "107" of the Complaint, and aver that in September 2016, Ms. Klainberg was promoted to Deputy Superintendent of District 75.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

104. Deny the allegations set forth in the second paragraph misnumbered "104" of the Complaint.

105. Deny the allegations set forth in the second paragraph misnumbered "105" of the Complaint.

114. In response to the allegations set forth in paragraph "114" of the Complaint, Defendants repeat and re-allege their responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

115. Deny the allegations set forth in paragraph "115" of the Complaint, except admit that defendant BOE is an employer covered by the ADA.

116. Deny the allegations set forth in paragraph "116" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. In response to the allegations set forth in paragraph "118" of the Complaint, Defendants repeat and re-allege their responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. In response to the allegations set forth in paragraph "125" of the Complaint, Defendants repeat and re-allege their responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

126. Deny the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. Deny the allegations set forth in paragraph "129" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. In response to the allegations set forth in paragraph "131" of the Complaint, Defendants repeat and re-allege their responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

132. Deny the allegations set forth in paragraph "132" of the Complaint, except admit that Defendant BOE is an employer covered by the ADA.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

134. Deny the allegations set forth in paragraph "134" of the Complaint.

135. Deny the allegations set forth in paragraph "135" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

136. Deny the allegations set forth in paragraph "136" of the Complaint.

137. In response to the allegations set forth in paragraph "137" of the Complaint, Defendants repeat and re-allege their responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

138. Deny the allegations set forth in paragraph "138" of the Complaint.

139. Deny the allegations set forth in paragraph "139" of the Complaint.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint.

143. Deny the allegations set forth in paragraph "143" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

144. Deny the allegations set forth in paragraph "144" of the Complaint.

145. In response to the allegations set forth in paragraph "145" of the Complaint, Defendants repeat and re-allege their responses to the foregoing paragraphs of the Complaint, as if fully set forth here.

146. Deny the allegations set forth in paragraph "146" of the Complaint.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Deny the allegations set forth in paragraph "148" of the Complaint.

149. Deny the allegations set forth in paragraph "149" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

150. Deny the allegations set forth in paragraph "150" of the Complaint.

## AS AND FOR A FIRST DEFENSE

64. There is no individual liability pursuant to the ADA.

## AS AND FOR A SECOND DEFENSE

65. The Complaint is time-barred, in whole or in part.

## AS AND FOR A THIRD DEFENSE

66. The complaint is barred, in whole or in part, by Plaintiff's failure to timely file a charge with the EEOC.

### AS AND FOR A FOURTH DEFENSE

67. The Complaint is barred, in whole or in part, by Plaintiff's failure to file a timely Notice of Claim.

### AS AND FOR A FIFTH DEFENSE

68. Plaintiff failed to exhaust her administrative remedies with respect to any ADA claims contained in the federal complaint which were not also contained in Plaintiff's charge filed with the EEOC.

### AS AND FOR A SIXTH DEFENSE

69. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### AS AND FOR A SEVENTH DEFENSE

70. At all times relevant to the acts alleged in the Complaint, Defendants' conduct was undertaken in good faith for nondiscriminatory, non-retaliatory, legitimate business reasons.

### AS AND FOR AN EIGHTH DEFENSE

71. Plaintiff's requests for accommodations, in whole or in part, were not reasonable within the meaning of the ADA, and the State and City Human Rights Laws.

### AS AND FOR A NINTH DEFENSE

72. Upon information and belief, Plaintiff's claim for damages is barred, in whole or in part, by her failure to mitigate damages.

## AS AND FOR A TENTH DEFENSE

73. Plaintiff's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**WHEREFORE,** Defendants respectfully request that the Complaint be dismissed in its entirety, that the Court enter judgment for Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
             April 24, 2017

            **ZACHARY W. CARTER**
            Corporation Counsel of the
              City of New York
            Attorney for Defendants100 Church Street, Room 2-107
            New York, New York 10007
            (212) 356-2442
            elyon@law.nyc.gov

By:   */s/ Emery Lyon*
       Emery Lyon
       Assistant Corporation Counsel

TO:   MIRER MAZZOCCHT SCHALET JULIEN & CHICKEDANTZ, PLLC
       Attorneys for Plaintiff
       150 Broadway, 12th Floor
       New York, New York 10038
       (212) 231-2235
       rjulien@mmsjlaw.com

Civil Case No. 17-CV-00100 (DAB) (BM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ADRIANA GARCIA,<br><br>                                            Plaintiff,<br><br>                            -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION and RACHELLE KLAINBERG, jointly and severally,<br><br>                                          Defendants. |
| **ANSWER** |
| ***ZACHARY W. CARTER***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, Room 2-170*<br>*New York, New York 10007*<br><br>*Of Counsel: Emery Lyon*<br>*Tel.: (212) 356-2442*<br>*Matter No.: 2017-002537* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................., 2017*<br><br>*........................................................................ Esq.*<br><br>*Attorney for................................................................* |